# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DIERE R. DEJOURNETT, | ) | CASE NOS. 5:13-cr-513 |
| | ) | 5:17-cv-1323 |
| PETITIONER, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF TRANSFER |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |

Before the Court is the motion of defendant Diere R. DeJournett ("DeJournett") for relief from the Court's memorandum opinion denying his motion to vacate, set aside, or correct his sentence. (Doc. No. 344 (Motion); *see* Doc. No. 310 (Memorandum Opinion).) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 347 (Response)), and DeJournett has filed a reply. (Doc. No. 349 (Reply).)

On November 20, 2014, following DeJournett's plea of guilty pursuant to a plea agreement to conspiracy to distribute and to possess with intent to distribute cocaine and money laundering, the Court sentenced DeJournett to a statutorily required mandatory minimum of 240 months imprisonment. (Doc. No. 239 (DeJournett Judgment).) His appeal from the Court's judgment was denied in part and the action was remanded in part. Following remand, the Sixth Circuit affirmed the Court's judgment and issued its mandate on May 26, 2016. (Doc. No. 265 (Mandate).)

1

On June 23, 2017, DeJournett filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, challenging the effectiveness of his trial and appellate counsel. (Doc. No. 270 (§ 2255 Motion).) The first three grounds for relief were intertwined and involved a hearing relating to a letter DeJournett addressed to the Court expressing his dissatisfaction with his retained counsel. At the July 31, 2014 hearing on the matter, the Court discussed DeJournett's complaints with counsel and DeJournett before briefly adjourning the proceedings to afford DeJournett and his counsel an opportunity to privately confer. At the conclusion of the recess, the Court was advised by the United States Marshal's Office that defense counsel had indicated that the conflict was resolved and that there was no need to go back on the record. (Doc. No. 310 at 2[1], citing Minutes July 31, 2014.) At the subsequent plea hearing, DeJournett stated that he was satisfied with the representation of his counsel and specifically that he had resolved with counsel the issues he had highlighted in his letter. (Doc. No. 257 (Transcript of Guilty Plea Hearing) at 37.)

In his motion to vacate, DeJournett claimed that the Court failed to adequately inquire into the conflict he was having with trial counsel and failed to properly advise him of his right to obtain different counsel. Further arguing, he maintained that trial counsel was ineffective for failing to object to the Court's handling of its conflicts inquiry.[2] (Doc. No. 270 at 4–8, 10.) The fourth claim alleged that appellate counsel was ineffective for failing to raise several grounds on

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the court's electronic filing system.

[2] The factual background surrounding the Court's inquiry into DeJournett's asserted conflicts claim was set out in more detail in the Court's March 18, 2019 memorandum opinion denying DeJournett's motion to vacate. (*See* Doc. No. 310.) Familiarity with this prior opinion is presumed.

appeal, including the Court's handling of the conflicts inquiry.[3] (*Id.* at 8.) Pertinent to the present Rule 60(b) motion, DeJournett alleged that appellate counsel should have asserted on appeal that "[t]he district court failed to advise DeJournett of his right to have counsel appointed to him, and whether or not he qualified under the CJA, or to inform him he also has the right to represent himself." (*Id.*)

The Court denied DeJournett's motion to vacate, finding his allegations that the Court failed to properly advise him of his right to obtain different counsel belied by the record. (Doc. No. 310 at 12.) It likewise determined that DeJournett's allegation that, at the conclusion of the Court's inquiry, he remained dissatisfied with his retained counsel was contradicted by his own sworn representations in the plea agreement and at the change of plea hearing wherein he stated that he was satisfied with the representation of trial counsel and had resolved all prior conflicts with counsel. (*Id.* at 12–13.) Because the Court conducted a thorough inquiry into DeJournett's concerns regarding trial counsel and adequately apprised him of his right to retain different counsel, the Court concluded that trial counsel could not be faulted for failing to object on those grounds. (*Id.* at 14, citing, among authority, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010).) Further, because trial counsel was not ineffective, the Court reasoned that DeJournett could not demonstrate that appellate counsel was ineffective for failing to raise issues relating to trial counsel's performance on appeal and denied DeJournett's fourth ground for relief as well. (*Id.* at 15–16, citing, among authority, *Benning v. Warden, Lebanon Corr. Inst.*, 356 F. App'x 149, 157 (6th Cir. 2009)).

---

[3] The fifth claim also alleged ineffective assistance of counsel of trial counsel and related to trial counsel's advice during the plea process regarding the application of the federal sentencing guidelines. (Doc. No. 270 at 10.)

In the present Rule 60(b) motion, DeJournett posits that his right to self-representation was violated. (Doc. No. 344 at 7.) Despite the fact that DeJournett never expressed a desire to proceed to trial in a *pro se* fashion at any time up to and including the date of his sentencing hearing and did not specifically raise this issue in his original § 2255 motion,[4] he now claims that the fourth claim in his motion to vacate—relating to the effectiveness of appellate counsel—should have been "liberally construed" as contemplating:

> that during the July 31, 2014[] hearing regarding the conflict between counsel and DeJournett, he was not given an opportunity to assert his right to self-representation after the recess of the hearing, and his counsel rendered ineffective assistance by not informing the [C]ourt that DeJournett expressed an unequivocal intent to do so during their discussion while the hearing was in recess. The questions presented by these facts are, (1) did the Court deprive DeJournett of his right to self-representation by failing to reconvene the hearing to determine his understanding of the attorney-client relationship, and (2) did counsel render ineffective assistance by misleading DeJournett to believe that his right to self-representation was left to the discretion of the Court, and that he would inform the Court of DeJournett's desire to exercise his right, but mislead DeJournett to believe the Court declined to permit him from representing himself.

(*Id*. at 7–8.)

The government opposes the motion on the ground that it represents a second or successive § 2255 motion. Because DeJournett did not first seek permission from the Sixth Circuit for leave to file a second petition, the government insists that the motion must be transferred to the Sixth Circuit for authorization. (Doc. No. 347 at 4–5.)

The Court agrees with the government. A Rule 60(b) motion for relief from judgment that "'add[s] a new ground for relief'" or that "'attacks the federal court's previous resolution of a claim on the merits'" should be classified as a "second or successive habeas petition," which

---

[4] DeJournett also did not allege on appeal that he was denied his constitutional right to represent himself at trial.

requires authorization form the Court of Appeals before filing. *See In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2019) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). By contrast, a motion that attacks "some defect in the integrity of the federal habeas proceedings" is properly brought pursuant to Rule 60(b). *Id.* (citing *Gonzalez*, 545 U.S. at 532).

A district court "lacks jurisdiction to entertain" a second or successive § 2255 motion without the Sixth Circuit's prior authorization. *Jackson v. United States*, No. 1:05-cr-182, 2015 WL 1737259, at *3 (S.D. Ohio Apr. 16, 2015); *see also Albo v. United States*, 498 F. App'x 490, 495 (6th Cir. 2012) ("Since [defendant's] Rule 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to [the court of appeals] for certification."); *In re Simms*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in a district court without [§ 2244(b)(3)] authorization [from the court of appeals], the district court should transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631.").

Here, DeJournett has failed to show that fraud has been committed upon this Court such that he has raised a "defect in the integrity of the federal habeas proceedings."[5] Instead, he has alleged that the Court erred in failing to construe his fourth ground for relief in his original § 2255 motion as including a claim that appellate counsel was ineffective for failing to raise the denial of his right to self-represent. He has, therefore, attacked the Court's previous resolution of

---

[5] While DeJournett essentially claims now that trial counsel misrepresented to the Marshals the status of his relationship with his client, this allegation is contradicted by DeJournett's own testimony at the change of plea hearing where DeJournett confirmed, consistent with counsel's representations, that he and his counsel had resolved their differences. (Doc. No. 257 at 37.)

his claim on the merits and prior authorization from the Sixth Circuit to proceed was required.[6] To the extent that this claim was not properly incorporated into the fourth ground of his previous motion to vacate, DeJournett has raised a new ground for relief which (again) requires prior permission from the court of appeals.

Accordingly, the Clerk is ORDERED to TRANSFER DeJournett's motion for relief from judgment (Doc. No. 344) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631. DeJournett's motion for a status report (Doc. No. 358) is DENIED as MOOT.

**IT IS SO ORDERED**.

Dated: July 8, 2021

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[6] DeJournett argues that his fourth ground in his initial § 2255 motion was not addressed on the merits. This is not true. In denying this ground for relief, the Court ruled that it conducted a thorough inquiry into DeJournett's concerns regarding trial counsel and adequately apprised him of his right to counsel. (Doc. No. 310 at 14.) *See also United States v. Cromer*, 389 F.3d 662, 682–83 (6th Cir. 2004) ("*Faretta* procedures are only required when a defendant has clearly and unequivocally asserted his right to proceed *pro se*.") The Court then held that, because trial counsel was not ineffective for failing to object to the Court's handling of the conflicts hearing, appellate counsel was not ineffective for failing to raise these issues on appeal. (*Id.* 15–16.) That DeJournett now takes issue with the Court's interpretation and resolution of this ground for relief does not alter the fact that it was addressed on the merits.